UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION
------------------------------------------------------------x

ANDREW DELANEY,

        *Plaintiff*,

v.                                      Civil Action No. _____

FEDERAL BUREAU OF INVESTIGATION (FBI),
DEPARTMENT OF JUSTICE (DOJ),
SECURITIES AND EXCHANGE COMMISSION (SEC),
CENTRAL INTELLIGENCE AGENCY (CIA), and
U.S. DEPARTMENT OF STATE,

        *Defendants*.
------------------------------------------------------------x

**COMPLAINT FOR VIOLATIONS OF THE FREEDOM OF INFORMATION ACT**
**(5 U.S.C. § 552)**

Plaintiff respectfully alleges:

### I. JURISDICTION AND VENUE

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking the release of improperly withheld agency records.

2. This Court has subject matter jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

3. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B), because Plaintiff resides in Canadian, Hemphill County, Texas, which lies within the Northern District of Texas, Amarillo Division.

### II. PARTIES

4. Plaintiff Andrew Delaney is a resident of Canadian, Texas and a requester of public records under FOIA.

1

5. Defendant Federal Bureau of Investigation (FBI) is a component of the U.S. Department of Justice and an "agency" under 5 U.S.C. § 552(f), subject to FOIA.

6. Defendant Department of Justice (DOJ) is a federal agency under 5 U.S.C. § 552(f), whose Criminal Division maintains records responsive to Plaintiff's requests.

7. Defendant Securities and Exchange Commission (SEC) is an independent federal agency and subject to FOIA.

8. Defendant Central Intelligence Agency (CIA) is an agency of the United States subject to FOIA.

9. Defendant U.S. Department of State is an agency of the United States subject to FOIA.

### III. FACTUAL ALLEGATIONS

**A. DOJ Criminal Division Requests**

10. On June 28, 2025, Plaintiff submitted a FOIA request via FOIA.gov to the DOJ Criminal Division seeking records related to its terminated FCPA investigation of Toyota. (Confirmation ID 2244876). DOJ acknowledged receipt but has not produced any responsive records.

11. That same day, Plaintiff submitted another request seeking records involving Christopher Cestaro and WilmerHale (Wilmer, Cutler, Pickering, Hale & Dorr). (Confirmation ID 2244936; DOJ Request No. CRM-302308758). DOJ acknowledged receipt on July 18, 2025, but requested "clarification" and has produced no records.

12. Also on June 28, 2025, Plaintiff submitted a third request seeking records related to Goldman Sachs. (DOJ Request No. CRM-302308757). DOJ acknowledged on July 16, 2025, but likewise demanded "clarification" and failed to conduct a search or produce records.

13. DOJ's failure to search for and produce records absent such "clarification" constitutes constructive denial of Plaintiff's requests under FOIA, 5 U.S.C. § 552(a)(6).

## B. SEC Requests and Appeals

14. On June 28, 2025, Plaintiff submitted a FOIA request to the SEC seeking records regarding WilmerHale and Toyota. The SEC acknowledged the request on June 30, 2025, and assigned it Tracking No. 25-03312-FOIA. The SEC invoked "unusual circumstances" but failed to issue any determination or produce records within the statutory timeframe.

15. Also on June 28, 2025, Plaintiff submitted a FOIA request to the SEC for records regarding Goldman Sachs, the 1MDB case in Malaysia, and former SEC Chairman Jay Clayton. This request was acknowledged by letter dated June 30, 2025, and assigned Tracking No. 25-03313-FOIA.

16. In that June 30, 2025 letter, the SEC formally invoked "unusual circumstances" under 5 U.S.C. § 552(a)(6)(B), citing

 a. The need to search for and collect records from offices geographically separated from its FOIA office;

 b. The anticipated volume of responsive records; and

 c. The need to consult with other offices having substantial interest in either the determination or the subject matter of the records.

17. Despite invoking the 10-day extension, the SEC failed to respond within FOIA's maximum timeframe or make any determinations regarding exemptions or record production.

18. The SEC's letter further advised Plaintiff of his right to seek dispute resolution services through the Office of Government Information Services (OGIS) if no response was received within 30 business days, thus acknowledging the likelihood of non-compliance and Plaintiff's right to escalate.

19. On July 4, 2025, Plaintiff filed an administrative appeal due to the SEC's failure to act. On July 7, 2025, the SEC acknowledged the appeal as Appeal No. 25-00660-APPS (relating to

Request No. 25-00319-FOIA). As of the date of this filing, no decision has been issued, nor have any records been produced.

**New Request Acknowledged on Previously Covered Subject Matter**

20. On or about September 23, 2025, Plaintiff received confirmation from the SEC acknowledging a new FOIA request (Tracking No. 25-04571-FOIA), again seeking records regarding Goldman Sachs, the 1MDB case in Malaysia, and Jay Clayton - substantially the same subject matter as Request No. 25-03313-FOIA.

21. On September 24, 2025, the SEC issued an acknowledgment letter for Request No. 25-04571-FOIA. The SEC again invoked "unusual circumstances" under 5 U.S.C. § 552(a)(6)(B), despite the fact that the subject matter duplicates or closely overlaps with the earlier June 28, 2025 request.

22. The SEC's duplicative invocation of a 20-day statutory window and a 10-day extension for a request already pending for nearly three months raises serious questions about delay tactics, improper queueing, and the potential mischaracterization of FOIA timeframes.

23. As of the date of this filing, Plaintiff has received no determinations or productions in connection with either Request No. 25-03313-FOIA or Request No. 25-04571-FOIA.

**C. CIA Request**

24. On June 28, 2025, Plaintiff submitted a FOIA request to the Central Intelligence Agency (CIA) seeking records concerning the disappearance of James Harrison Wilson Thompson and any related intelligence or investigative activities, including records referencing the Thai Silk Company.

25. The CIA acknowledged receipt of the request but failed to assign a tracking number or issue a determination within the statutory timeframe. No responsive records have been produced.

26. Plaintiff followed up with the CIA FOIA office in July and August 2025 but received no substantive reply.

27. The agency has neither invoked "unusual circumstances" nor sought clarification. Its failure to respond constitutes constructive exhaustion of administrative remedies.

**D. U.S. Department of State Request**

28. On June 28, 2025, Plaintiff submitted a FOIA request to the U.S. Department of State seeking all records referencing James Harrison Wilson Thompson, including any diplomatic communications, cables, or consular reports regarding his disappearance in Malaysia in 1967. The State Department acknowledged receipt via the FOIA.gov system but failed to provide a tracking number or determination within the statutory time period.

29. Plaintiff contacted the State Department's FOIA Service Center in August 2025 but received only a generic confirmation of backlog and no estimated date of completion. No responsive records have been produced.

30. On September 8, 2025, the State Department also denied Plaintiff's Request No. F-2025-22760 for records related to Afghan Wireless Communications Company from January 1, 2002, to the date of the request (July 14, 2025). Afghan Wireless is a major telecommunications provider in Afghanistan.

**E. FBI Request and OGIS Involvement**

31. On June 28, 2025, Plaintiff submitted a FOIA request to the FBI seeking records related to James Harrison Wilson Thompson, the founder of the Thai Silk Company. The FBI acknowledged receipt through its eFOIA system but failed to assign a FOIPA tracking number or conduct a search.

32. On July 29, 2025, Plaintiff contacted OGIS due to the FBI's refusal to process his FOIA appeal. OGIS confirmed that FBI appeals must be filed with DOJ's Office of Information Policy (OIP), which Plaintiff has pursued - demonstrating exhaustion of administrative remedies.

**F. Fee Waiver Requests**

33. In all FOIA requests, Plaintiff sought a fee waiver based on financial hardship and explicitly stated that he is unemployed and unable to pay.

34. Each agency failed to timely grant or deny Plaintiff's fee waiver requests, in violation of FOIA regulations and deadlines.

## IV. CLAIMS FOR RELIEF

### Count I – Violation of the Freedom of Information Act (All Defendants)

35. Plaintiff realleges paragraphs 1–34 as if fully set forth herein.

36. Defendants have unlawfully withheld non-exempt records responsive to Plaintiff's properly submitted FOIA requests.

37. Defendants failed to make determinations and produce documents within the statutory timeframes required under 5 U.S.C. § 552(a)(6)(A).

38. Plaintiff has constructively exhausted all applicable administrative remedies.

39. Defendants' continued failure to search for, identify, and produce records violates FOIA.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Order Defendants to immediately conduct adequate searches for all records responsive to Plaintiff's FOIA requests;

B. Order Defendants to produce all non-exempt responsive records by a date certain;

C. Declare that Defendants' failure to comply with FOIA is unlawful;

D. Order Defendants to grant Plaintiff's fee waiver requests;

E. Award Plaintiff reasonable costs and attorney's fees under 5 U.S.C. § 552(a)(4)(E);

F. Grant such other and further relief as the Court deems just and proper.

Dated: September 25, 2025
       Canadian, Texas

Respectfully submitted,

*Andrew Delaney*

Andrew Delaney
313 Main Street
Canadian, TX 79014
Plaintiff, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of September 2025, I served the Complaint in the above-captioned matter in accordance with Fed. R. Civ. P. 4(i), by certified mail, return receipt requested, addressed to:

Civil Process Clerk
Office of the United States Attorney
Northern District of Texas
1100 Commerce Street, Third Floor
Dallas, TX 75242-1699

Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

U.S. Department of Justice
ATTN: FOIA Officer
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001
Email: FOIARequests@usdoj.gov

Federal Bureau of Investigation
ATTN: FOIA Request
Record/Information Dissemination Section
170 Marcel Drive
Winchester, VA 22602-4843

U.S. Securities and Exchange Commission
ATTN: FOIA Officer
100 F Street, NE
Washington, DC 20549
Email: foiapa@sec.gov

Central Intelligence Agency
Information and Privacy Coordinator
Washington, DC 20505

U.S. Department of State
Office of Information Programs and Services (A/GIS/IPS/RL)
2201 C Street NW, Suite B266
Washington, DC 20520-0000

/s/ Andrew Delaney

Andrew Delaney
Plaintiff, Pro Se

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULES

Pursuant to Local Civil Rule 7.2(c) of the U.S. District Court for the Northern District of Texas, I hereby certify that this Complaint contains fewer than 10,000 words, excluding the case caption, signature block, certificate of service, and this certificate of compliance. The total word count is approximately 1,691 words, as determined by the word count feature in Microsoft Word.

/s/ Andrew Delaney
Andrew Delaney
Plaintiff, Pro Se

JS 44 (Rev. 04/21) (TXND 4/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Andrew Delaney

**(b)** County of Residence of First Listed Plaintiff: Hemphill
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
313 Main Street
Canadian, TX 79014

## DEFENDANTS
Federal Bureau Of Investigation (FBI), DOJ, SEC, Central Intelligence Agency (CIA), U.S. Department Of State

County of Residence of First Listed Defendant: Dallas
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
United States Attorney, Northern District of Texas, 1100 Commerce Street, 3rd Floor, Dallas, TX 75242-1699

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / **PERSONAL PROPERTY** / 370 Other Fraud | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | 865 RSI (405(g)) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [x] 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | **IMMIGRATION** | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / 540 Mandamus & Other | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education / 550 Civil Rights | 465 Other Immigration Actions | | |
| | 555 Prison Condition | | | |
| | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
5 U.S.C. § 552
Brief description of cause:
Seeking the release of improperly withheld agency records

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE: September 25, 2025
SIGNATURE OF ATTORNEY OF RECORD: *Andrew Delaney*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Andrew Delaney
313 Main Street-1004
Canadian TX 79014
srview1@gmail.com



0012517272000011
US District Court Clerk's Office
Amarillo Division
205 SE 5th Avenue, Room 133
Amarillo TX 79101-1559
USA



RECEIVED

OCT - 6 2025

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS