IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

ANDREW DELANEY,

Plaintiff,

v.

2:25-CV-221-Z

FEDERAL BUREAU OF INVESTIATION, *et al.*,

Defendants.

**MEMORANDUM OPINION AND ORDER**

This case comes to the Court on Plaintiff's Complaint alleging violations of the Freedom of Information Act ("FOIA") by various federal agencies. ECF No. 3. Before the Court is Plaintiff's Motion for Summary Judgment, filed February 14, 2026 ("Plaintiff's MSJ"). ECF No. 27. Also before the Court are Cross-Motions for Summary Judgment from four of the five Defendant Agencies. ECF No. 31 ("DOJ's MSJ"); ECF No. 34 ("SEC's MSJ"); ECF No. 37 ("State Department's MSJ"); ECF No. 40 ("CIA's MSJ") (collectively, the "Agencies' MSJs").[1] All of the parties' motions for summary judgment have been fully briefed and are now ripe. ECF Nos. 31, 34, 37, 40, 43, 46, 48, and 54. For the reasons herein, Plaintiff's MSJ (ECF No. 27) is **DENIED**. The DOJ's MSJ (ECF No. 31), the State Department's MSJ (ECF No. 37) and the CIA's MSJ (ECF No. 40) are **GRANTED**, and the SEC's MSJ (ECF No. 34) is **GRANTED in part** and **DENIED in part**.

[1] Defendant FBI filed a response in opposition to Plaintiff's Motion for Summary Judgment but did not file a cross-motion for summary judgment. ECF No. 43.

**BACKGROUND**

FOIA allows "any person" to request records from any federal "agency." 5 U.S.C. § 552(a)(3)(A). If the request "reasonably describes such records" and complies with other procedural requirements, the agency "shall make the records promptly available." *Id.*

Plaintiff alleges he sent FOIA requests to five different federal agencies: (1) the Department of Justice Criminal Division ("DOJ"); (2) the Securities and Exchange Commission ("SEC"); (3) the Central Intelligence Agency ("CIA"); (4) the U.S. Department of State ("State Department"); and (5) the Federal Bureau of Investigations ("FBI") (collectively, the "Agencies"). ECF No. 3. Plaintiff's requests sought records related to various topics, including a Foreign Corruption Practices Act ("FCPA") "investigation of Toyota," an individual named "Christopher Cestaro," the law firm WilmerHale, the investment banking company Goldman Sachs, the "1 MBD case in Malaysia," former SEC Chairman Jay Clayton, "the disappearance of James Harrison Wilson Thompson," the "Thai Silk Company," and the "Afghan Wireless Communications Company." *Id.* At least some of Plaintiff's FOIA requests were acknowledged by the Agencies, but none resulted in the production of responsive records. *Id.*

Plaintiff filed this Complaint on October 6, 2025, accusing the Agencies of violating their obligation to make a timely determination and produce responsive records to his requests under FOIA. ECF No. 3. The Court granted Plaintiff leave to proceed without prepaying his filing fees. ECF No. 10. The day after the Defendant Agencies filed their Answer to the Complaint, Plaintiff filed the instant Motion for Summary Judgment, seeking, an order from this Court ordering the Agencies to "conduct an adequate search for all responsive non-exempt records" and to produce "all non-exempt records responsive to Plaintiff's FOIA requests within 30 days." ECF No. 27. Each agency responded in opposition

to Plaintiff's MSJ, and each agency other than the FBI filed a cross-motion for summary judgment. ECF Nos. 31, 34, 37, 40, 43.[2]

The Agencies' MSJs each included a Declaration in support of their position on summary judgment. ECF Nos. 33-1, 36-1, 39-1, and 42-1. Plaintiff filed a Motion to Strike the Declarations. ECF No. 47.

**LEGAL STANDARD**

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if its existence or non-existence "might affect the outcome of the suit under the governing law," and a dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A party is entitled to summary judgment if, when the evidence is viewed in the light most favorable to the nonmovant, there are no genuine issues of material fact in dispute." *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000). "[T]he vast majority of FOIA cases can be resolved on summary judgment." *Brayton v. Off. of the U.S. Trade Representative*, 641 F.3d 521, 527 (D.C. Cir. 2011).

**ANALYSIS**

The Court will proceed in two steps. First, it will evaluate Plaintiff's Motion to Strike the Agencies' Declarations. Then, the Court will evaluate the summary judgment motions.

**I. Motion to Strike**

The Defendant Agencies filed declarations in support of their position on summary judgment. ECF Nos. 33-1, 36-1, 39-1, and 42-1. Plaintiff filed a Motion to Strike these

[2] The Agencies sought leave from the Court to file "initial motions for summary judgment without prejudice to filing a second motion for summary judgment at the end of this litigation." ECF No. 30. The Court granted this request. ECF No. 53.

declarations. ECF No. 47. He argues the declarations "are not based on personal knowledge, contain inadmissible hearsay, rely on conclusory assertions, and fail to set fort specific facts demonstrating the adequacy of any agency search." *Id.* at 1.

"An affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." FED. R. CIV. P. 56(c)(4). "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." *Id.* 56(c)(2). District courts may strike declarations, or portions of declarations, that do not meet the Rule 56(c) standard. *See Richardson v. Oldham*, 12 F.3d 1373, 1378 (5th Cir. 1994) ("Mere conclusory allegations are not competent summary judgment evidence, and the district court was within its discretion to strike them from the . . . affidavit."). "Agency affidavits are accorded a presumption of good faith." *SafeCard Servs., Inc. v. S.E.C.*, 926 F.2d 1197, 1200 (D.C. Cir. 1991).

*A. DOJ's Declaration*

The DOJ provided a declaration from Mark Herrington, the Deputy Chief of the FOIA Unit in the Office of Enforcement Operations in the Criminal Division of the DOJ. ECF No. 33-1 at 1.[3] Plaintiff argues the declaration should be stricken because (1) "it contains extensive hearsay" and (2) it "lacks any description of an actual search."

The Court declines to rule on Plaintiff's allegation that the declaration contains hearsay. Plaintiff is apparently referring to two external sources the declaration references: (1) a DOJ press release; and (2) a "Law360" article. *See* ECF No. 47 at 3 ("The declaration also relies on statements such as 'according to reports' and references to external sources.");

[3] In this Order, citations to specific page numbers in exhibits are to the ECF-generated page numbers. Citations to page numbers for filings other than exhibits are to the party-provided page numbers.

ECF No. 33-1 at 4–6 (referencing a DOJ press release and a Law360 article). Because the Court resolves the motions for summary judgment without reference to these external sources, or any statements in the declaration relying on those sources, the Court need not consider Plaintiff's objection that those sources are hearsay.

As to Plaintiff's objection that the declaration "lacks any description of an actual search," that may be true, but it is irrelevant. The DOJ argues Plaintiff's requests are "facially invalid" because they lack a reasonable description, so it had no obligation to process the request. ECF No. 32 at 7–8. The declaration supports their argument—it does not argue that the DOJ search was proper. The Court will not strike the declaration merely because it does not support an argument the DOJ does not raise.

The DOJ's declaration complies with Federal Rule of Civil Procedure 56(c)(4), with the possible exception of references to and discussions of external sources. The Court does not consider the external sources or discussions of them in resolving the summary judgment motions. Accordingly, Plaintiff's request for the Court to strike the declaration is **DENIED**.

*B. SEC's Declaration*

The SEC provided a declaration from Kevin Solonsky, an attorney in the Office of the General Counsel of the SEC who specializes in FOIA. ECF No. 36-1 at 1. Plaintiff argues the Court should strike the SEC's Declaration because (1) it contains internal contradictions; (2) it does not sufficiently support its assessment of the burden of one request; and (3) it contains conclusory assertions. ECF No. 47 at 3–4. For the reasons below, The Court **DENIES** Plaintiff's request to strike the SEC's declaration.

Plaintiff's assertion that the Declaration contains internal contradictions is unsupported. The declaration discusses two *different* FOIA requests to the SEC, each involving different subject matter. ECF No. 3 at 3. The declaration explains that the SEC located no responsive records to first request and located 960,945 responsive records to the

second. ECF No. 36-1 at 2–3. This is not a contradiction—different requests unsurprisingly yielded different search results.

Plaintiff next argues that the declaration asserts processing the second request would take 242,800 hours without supporting its methodology. ECF No. 47 at 4. But the declaration merely asserts that the SEC's Office of FOIA Services sent Plaintiff a letter *informing him* it would take that many hours to process the request. ECF No. 36-1 at 3 ("OFS sent Plaintiff a letter via email informing . . . that it would take approximately 242,800 hours to process his request."). Because the declaration does not attempt to support the burden calculation, merely that Plaintiff was informed about it, there was no need to support the methodology in the declaration.[4]

Finally, Plaintiff argues the SEC's declaration is fatally conclusory. ECF No. 47 at 3–4. But the declaration is not conclusory: it provides detail about the SEC's processing of Plaintiff's FOIA requests, its communications with Plaintiff, and how the SEC administratively processed the request. ECF No. 36-1. Plaintiff's objections to the SEC's declaration lack merit.

The SEC's declaration complies with Federal Rule of Civil Procedure 56(c)(4). Accordingly, Plaintiff's request for the Court to strike the declaration is **DENIED**.

*C. State Department's Declaration*

The State Department provided a declaration from Susan C. Weetman, Senior Advisor for the Information Access Programs Directorate of the Department of State. ECF No. 39-1. Plaintiff argues the Court should strike the declaration because it "fails to demonstrate an adequate search." For the reasons below, the Court **DENIES** Plaintiff's request.

---

[4] Moreover, the letter the SEC sent to Plaintiff *does* explain how it calculated the number of hours the request would take to process. ECF No. 36-2 at 13–15.

Plaintiff complains that the State Department's declaration "does not demonstrate that the Department searched by subject matter or relevant program offices." ECF No. 47 at 4. Further, he complains that "[a] search limited to a requester's name is not reasonably calculated to uncover responsive records." *Id.* Plaintiff seems to misunderstand the nature of the search described in the declaration. The declaration explains that the State Department "believes Plaintiff may not have submitted the FOIA request" described in the Complaint. ECF No. 39-1 at 2. It then describes how the State Department nonetheless searched for the request, using search terms "that matched the subject matter of Plaintiff's FOIA request referenced in the Complaint" *and* separate searches using Plaintiff's last name. *Id.* at 3. Plaintiff's objection not only mischaracterizes the content of the declaration, it also misunderstands that the search was for Plaintiff's request itself, not for "responsive records". *See* ECF No. 47 at 4 ("A search limited to a requester's name is not reasonably calculated to uncover responsive records."). Plaintiff's objections are wholly without merit.

The State Department's declaration complies with Federal Rule of Civil Procedure 56(c)(4). Accordingly, Plaintiff's request for the Court to strike the declaration is **DENIED**.

*D. CIA's Declaration*

The CIA provided a declaration from Mary C. Williams, Litigation & Investigations Information Review Officer for the Information Review and Release Division at the CIA. ECF No. 42-1. Plaintiff argues the Court should strike the declaration because it "lacks factual detail, relies on conclusory assertions, and includes improper legal conclusions." ECF No. 47 at 2–3. For the reasons below, the Court **DENIES** Plaintiff's request.

The CIA's declaration does not lack factual detail or rely on conclusory assertions or improper legal conclusions, as Plaintiff alleges. The declaration explains that the CIA "has

no record of receiving Plaintiff's alleged 28 June 2025 [FOIA] request." ECF No. 42-1 at 4.[5] The declaration then explains that the CIA searched the relevant systems that would have included a receipt of Plaintiff's June 28, 2025 FOIA request, and did not locate the alleged request. *Id.* at 7. Plaintiff complains that the declaration does not identify "what systems were searched, what search terms were used, or how records are maintained and retrieved." ECF No. 47 at 2. But that minute level of detail is not necessary here. The declaration explains that "CIA information management professionals" who "regularly identify and document the receipt of FOIA requests in the course of their professional duties" conducted a "diligent search of the relevant systems of record that would have included a receipt of Plaintiff's alleged 28 June 2025 FOIA request." ECF No. 42-1 at 7. These are far from "conclusory assertions," as Plaintiff alleges. Moreover, it explains that the CIA located a *different* FOIA request from Plaintiff. *Id.* at 4. This demonstrates that they searched in locations where FOIA requests would be located—they simply did not find the request mentioned in the complaint. Details about "what systems were searched" and "how records are maintained and retrieved" would not have helped the Court. Plaintiff's perfunctory attacks on the declaration do not give the Court reason to doubt its accuracy.

The CIA's declaration complies with Federal Rule of Civil Procedure 56(c)(4). Accordingly, Plaintiff's request for the Court to strike the declaration is **DENIED**.

**II. Motions for Summary Judgment**

This case involves eleven distinct FOIA requests Plaintiff alleges he submitted to five different federal agencies. ECF No. 3. Plaintiff challenges both the Agencies' failure to make determinations within the statutory timeframe and the failure to produce all non-exempt records. ECF No. 3 at 6. Plaintiff moves for summary judgment as to all of his requests. ECF

---

[5] The declaration further explains that Plaintiff submitted a *different* FOIA request on January 2, 2025. ECF No. 42-1 at 4. That request remains pending. *Id.* at 5.

No. 27. He submitted no summary judgment evidence. Instead, he argues the Agencies' admissions establish that they received FOIA requests from Plaintiff and did not comply with statutory timelines for responding to his requests. *Id.* at 1. Thus, Plaintiff believes he is entitled to summary judgment. *Id.* at 2.

The Defendant Agencies argue Plaintiff failed to submit proper FOIA requests, otherwise failed to exhaust his administrative remedies, and that the requests impose an unreasonable burden. ECF Nos. 31, 34, 37, 40, and 43. Thus, they argue, Plaintiff is not entitled to summary judgment and argue *they* are entitled to summary judgment as to most of the claims. *Id.*

The FOIA requests are at various processing stages with the agencies. The various requests implicate several facets of FOIA's requirements for a proper request and the doctrine of administrative exhaustion. The Court will first explain the relevant law, then analyze each request on this summary judgment record. As the Court will show, there is no issue of material fact that Plaintiff failed to administratively exhaust his requests. Therefore, Plaintiff is not entitled to summary judgment, and the Agencies are entitled to summary judgment on most of their claims.

### *A. The Freedom of Information Act—Administrative Exhaustion*

"Exhaustion of administrative remedies is a general prerequisite to judicial review of any administrative action." *Hedley v. United States*, 594 F.2d 1043, 1044 (5th Cir. 1979). FOIA provides a specific administrative appeal process for adverse determinations of FOIA requests. 5 U.S.C. § 552(a)(6)(A). "Courts have consistently confirmed that the FOIA requires exhaustion of this appeal process before an individual may seek relief in the courts." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 61–62 (D.C. Cir. 1990) (citing, *inter alia*, *Hedley*, 594 F.2d at 1044 (5th Cir.)). FOIA's exhaustion requirement is not "jurisdictional," but it is a bar to

judicial review. *See Hidalgo v. FBI*, 344 F.3d 1256, 1258 (D.C. Cir. 2003) (explaining that judicial review before full agency consideration "would undercut the purposes of exhaustion" (internal marks omitted)).

In the Fifth Circuit, a FOIA plaintiff "must present proof of exhaustion of administrative remedies prior to seeking judicial review." *Hedley*, 594 F.2d at 1044. Failure to exhaust administrative remedies warrants dismissal without prejudice. *See Kemmerly v. U.S. Dep't of Interior*, 430 F. App'x 303, 305 (5th Cir. 2011). As relevant here, there are at least three ways a FOIA requester can fail to comply with FOIA's administrative exhaustion requirement.

First, if the agency does not receive a FOIA request, it of course has no obligation to reply. *See Antonelli v. Fed. Bureau of Prisons*, 591 F. Supp. 2d 15, 26 (D.D.C. 2008). A plaintiff who did not properly submit a FOIA request has failed to exhaust his administrative remedies. *Id.*

Second, a requester must submit a *valid* FOIA request. Under FOIA, an agency "shall make [requested] records promptly available," but only "upon a[] request for records which . . . *reasonably describes* such records." 5 U.S.C. § 552(a)(3)(A) (emphasis added). A request that does not "reasonably describe" the records sought is not a valid request and does not trigger an agency's obligation to respond. *See Citizens for Resp. & Ethics in Washington v. FEC*, 711 F.3d 180, 185 n.3 (D.C. Cir. 2013) [hereinafter "*CREW*"] (Kavanaugh, J.) ("[T]he duties that FOIA imposes on agencies . . . apply only once an agency has received a proper FOIA request. A proper request must reasonably describe the records sought." (internal marks omitted)); *see also Ctr. for the Study of Servs. v. HHS*, 874 F.3d 287, 288 (D.C. Cir. 2017) ("A request that reasonably describes the records sought triggers the agency's obligation to search for and disclose all responsive records." (internal marks omitted)); 5

U.S.C. § 552(a)(6)(A)(i) (requiring an agency "to determine within twenty days after the receipt" of a *valid request* "whether to comply with the request" and to notify the requester accordingly). Failure to submit a valid request—one that reasonably describes the records sought—constitutes failure to exhaust administrative remedies. *See Taylor v. U.S. Treasury Dep't*, 127 F.3d 470, 474 (5th Cir. 1997); *see also Dale v. IRS*, 238 F. Supp. 2d 99, 103 (D.D.C. 2002).[6]

A request "reasonably describes" the records sought if "the agency is able to determine precisely what records are being requested." *Yeager v. DEA*, 678 F.2d 315, 326 (D.C. Cir. 1982) (internal marks omitted). A sufficient description "enable[s] a professional employee of the agency who [is] familiar with the subject area of the request to locate the record with a reasonable amount of effort." *Truitt v. Dep't of State*, 897 F.2d 540, 545 n.36 (D.C. Cir. 1990) (citation omitted). "Broad, sweeping requests lacking specificity are not sufficient." *Dale*, 238 F. Supp. 2d at 104. Thus, courts consistently find that requests for "all" records "regarding" or "relating to" a certain subject do not reasonably describe the records sought. *See id.* (collecting cases rejecting requests for "all" documents); *see also Freedom Watch, Inc. v. Dep't of State*, 925 F. Supp. 2d 55, 61 (D.D.C. 2013) (finding requests for "all" records that "relate to" a subject are "inevitably subject to criticism as overbroad since life, like law, is a seamless web, and all documents 'relate' to all others in some remote fashion." (internal marks omitted)). To be sure, there is no *categorical* rule that a request using phrases like "related to" or "involving" does not reasonably describe the records sought. *See Gun Owners of Am., Inc. v. FBI*, 594 F. Supp. 3d 37, 46–48 (D.D.C. 2022) (rejecting such a categorial rule because

[6] This is so, despite FOIA's "constructive exhaustion" provision, because constructive exhaustion requires to requester to submit a *proper* request. *See* 5 U.S.C. § 552(a)(6)(C)(i); *see also Frost Brown Todd LLC v. Centers for Medicare & Medicaid Servs.*, No. CV 21-2784, 2024 WL 450056, at *4 (D.D.C. Feb. 5, 2024) ("Because Plaintiff never made a valid FOIA request under paragraph 3, Defendant was never required to comply with the time limit for issuing adverse determinations in Section 552(a)(6)(A), and the constructive exhaustion waiver in Section 552(a)(6)(C) is inapplicable.").

"[w]hether a particular FOIA request reasonably describes the records sought is a highly context-specific inquiry." (internal marks omitted)). But "many—perhaps even most—requests framed in this way will fail to reasonably describe the records sought." *Id.* at 48.

"An agency has no obligation to process an improper FOIA request, including one that does not reasonably describe the requested records." *Legal Eagle, LLC v. DOJ*, No. 24-CV-3316, 2026 WL 35261, at *5 (D.D.C. Jan. 6, 2026) (citing *Truitt*, 897 F.2d at 544). Nonetheless, agencies may sometimes offer requesters an opportunity to correct their improper request by reasonably describing the records sought. *See Voinche v. U.S. Dep't of Air Force*, 983 F.2d 667, 669 n.5 (5th Cir. 1993). If a requester is given an opportunity to amend his request and fails to do so, he has failed to exhaust his administrative remedies. *Id.*; *see also Legal Eagle*, 2026 WL 35261, at *5 ("[I]f the agency offers the requester a chance to perfect a deficient request, and he fails to do so, he may also have failed to exhaust.").

Third, a requester who does not appeal an adverse determination of a valid FOIA request has not exhausted his administrative remedies. When an agency receives a valid FOIA request, the agency must "determine within 20 [working] days . . . whether to comply" and notify the requester of the agency's determination. 5 U.S.C. § 552(a)(6)(A). In the case of an "adverse determination" from the agency, the requester may "appeal to the head of the agency." *Id.* An agency makes a "determination" when it indicates the scope of the documents it will produce. *See CREW*, 711 F.3d at 182–83 (Kavanaugh, J.). If that determination is "adverse," it can be appealed to the head of the agency. 5 U.S.C. § 552(a)(6)(A). Among other adverse determinations, a determination by the agency that it will not process the request because it is a duplicate is an adverse determination that can be appealed to the head of the agency. *See Wonders v. Dep't of the Army Off. of Gen. Couns.*, 749 F. Supp. 3d 122, 130 (D.D.C.

2024). A requester who receives an adverse determination but does not appeal has not exhausted his administrative remedies. *See Oglesby*, 920 F.2d at 61–62.

If the agency fails to comply with FOIA's time limits, the requester is "deemed to have exhausted his administrative remedies with respect to such request." *Id.* § 552(a)(6)(C)(i). But the requirement to exhaust administrative appeals before filing suit in court is not permanently set aside if the agency fails to comply with FOIA timelines. "[A]n administrative appeal is mandatory if the agency cures its failure to respond within the statutory period by responding to the FOIA request before suit is filed." *Oglesby*, 920 F.2d at 63. Moreover, the agency's noncompliance with FOIA's time limits is not dispositive of a summary judgment motion. *See Landmark Legal Found. v. EPA*, 272 F. Supp. 2d 59, 68 (D.D.C. 2003) ("[A] lack of timeliness or compliance with FOIA deadlines does not preclude summary judgment for an agency, nor mandate summary judgment for the requester.") "If the agency does not adhere to FOIA's explicit timelines, the 'penalty' is that the agency cannot rely on the administrative exhaustion requirement to keep cases from getting into court." *CREW*, 711 F.3d at 189. When an agency replies to a FOIA request *after* the requester files a lawsuit, the requester's challenge to the timeliness of the agency's response is moot. *See Voinche v. FBI*, 999 F.2d 962, 963 (5th Cir. 1993).

With the table-setting out of the way, the Court now turns to the claims in this case.

### *B. Claims Against the Department of Justice*

Plaintiff submitted three FOIA requests to the DOJ on June 28, 2025: (1) a request "seeking records related to its terminated FCPA investigation of Toyota"; (2) a request "seeking records involving Christopher Cestaro and WilmerHale"; and (3) a request "seeking records related to Goldman Sachs." ECF No. 3 at 2; ECF No. 33-2 at 1–9, 12–14, 27–29. Plaintiff alleges the DOJ has not produced responsive records to any of his requests. ECF No. 3 at 2.

**1. First DOJ Request**

Plaintiff's first DOJ request, submitted June 28, 2025, reads as follows: "Please send me all documents and information regarding the DOJ's now terminated FCPA investigation of Toyota." ECF No. 33-2 at 2.[7] The DOJ acknowledged its receipt of the request on August 8, 2025. ECF No. 33-2 at 11. There is no evidence in the record of any other communication regarding this request, aside from a letter from Plaintiff complaining about the lack of response to this request in a correspondence primarily about a different request. *See* ECF No. 33-2 at 24 ("Toyota FCPA Investigation . . . No records produced. No updates. No explanation.").

Plaintiff failed to exhaust his administrative remedies because his first request does not "reasonably describe" the records sought. His request seeks "all documents and information regarding the DOJ's now terminated FCPA investigation of Toyota." ECF No. 33-2 at 2. The request seeks "*all* documents and information *regarding*" an investigation into Toyota. Requests for "all" documents about a topic are often not reasonably described, because "all documents relate to all others in some remote fashion." *Freedom Watch*, 925 F. Supp. 2d at 61. And while this rule isn't categorical, most such requests are invalid. *Gun Owners of Am.*, 594 F. Supp. 3d at 46–48. This is not the rare case of a valid request for all documents regarding a topic. The request does not limit the scope of the documents beyond identifying a DOJ investigation. And it is unclear what documents and information "regarding" the investigation are sought. Are all documents discussing any aspect of the investigation, whether or not the document mentions the investigation by name, responsive? Only documents *mentioning* the investigation? Only documents *generated* as part of the

[7] Plaintiff submitted two requests nearly identical to his first. *Compare* ECF No. 33-2 at 2, *with* ECF No. 33-2 at 5, 8. The DOJ closed all but one of the duplicative requests. ECF No. 33-1 at 2–3. Plaintiff does not challenge that closure in this litigation. *See* ECF No. 3 at 2 (listing only one request related to Toyota).

investigation? Because the request does not "enable a professional employee of the agency who [is] familiar with the subject area of the request to locate the record[s] with a reasonable amount of effort" (*Truitt*, 897 F.2d at 545 n.36), it does not reasonably describe the records sought. Accordingly, Plaintiff's request is not valid. *See CREW*, 711 F.3d at 185 n.3 (finding a request that does not "reasonably describe" the records sought is not a valid request and does not trigger an agency's obligation to respond). Because Plaintiff did not submit a valid request, there is no genuine dispute of material fact that he failed to exhaust administrative remedies. *See Taylor*, 127 F.3d at 474.

Failure to administratively exhaust a FOIA request precludes judicial review. *See Hedley*, 594 F.2d at 1044. Accordingly, as to the first DOJ request, Plaintiff's MSJ is **DENIED** and the DOJ's MSJ is **GRANTED**. The claim will be dismissed without prejudice.

**2. Second DOJ Request**

Plaintiff's second DOJ request, submitted June 28, 2025, reads as follows: "Please send me all documents involving Christopher Cestaro and Wilmer, Cutler, Pickering, Hale and Dorr, including e-mails. This is involving your FCPA division." ECF No. 33-2 at 28. The DOJ determined the request did not reasonably describe the records sought and requested clarification from Plaintiff on July 18, 2025. ECF No. 33-2 at 31. The DOJ warned that if it did not receive a clarification within 30 days it would close the request. *Id.* There is no evidence in the record that Plaintiff responded to the request for clarification.[8]

Plaintiff failed to exhaust administrative remedies because he did not respond the DOJ's request for clarification. In the Fifth Circuit, FOIA plaintiffs are required to submit evidence that they exhausted administrative remedies. *Hedley*, 594 F.2d at 1044. If a

[8] In a September 2025 correspondence regarding his DOJ requests, Plaintiff claims he provided clarification regarding this request "in my July 19, 2025 letter." ECF No. 33-2 at 24. But the only July 19, 2025 letter from Plaintiff in the record provides clarification regarding his third DOJ request (the Goldman Sachs request). ECF No. 33-2 at 19.

requester is given an opportunity to amend his request and fails to do so, he has failed to exhaust his administrative remedies. *See Voinche*, 983 F.2d at 669 n.5. Plaintiff has not provided evidence that he responded to the request for clarification regarding his second request. Accordingly, there is no genuine dispute of material fact that Plaintiff has not exhausted his administrative remedies as to his second DOJ request.

Failure to administratively exhaust a FOIA request precludes judicial review. *See Hedley*, 594 F.2d at 1044. Accordingly, as to the second DOJ request, Plaintiff's MSJ is **DENIED** and the DOJ's MSJ is **GRANTED**. The claim will be dismissed without prejudice.

### 3. Third DOJ Request

Plaintiff's third DOJ request, submitted June 28, 2025, reads as follows: "Please send all documents relating to Goldman Sachs." ECF No. 33-2 at 13. The DOJ determined the request did not reasonably describe the records sought, and requested clarification from Plaintiff on July 18, 2025. *Id.* at 16. Plaintiff responded to the request for clarification by "narrowing" the request to "all documents related to the 1 MDB case and any of 'Richard Ong,' 'Charles Ong,' 'Citibank,' and 'Shinawatra.'" *Id.* at 19. On September 29, 2025, the DOJ determined it would neither confirm nor deny the existence of records responsive to the request "pursuant to Exemptions 6 and 7(c) of the FOIA." *Id.* at 21. In that same communication, the DOJ informed Plaintiff he could appeal the determination by mail or by submitting an appeal through "OIP's FOIA STAR portal." *Id.* at 22. Instead of following the agency's appeal procedure, Plaintiff responded by email, declaring he "formally object[s]" to the DOJ's invocation of the exemptions. ECF No. 33-2 at 25.

Plaintiff did not properly appeal the DOJ's adverse determination. A requester who receives an adverse determination but does not appeal has not exhausted his administrative remedies. *See Oglesby*, 920 F.2d at 61–62. Plaintiff does not contest that the DOJ's decision

not to provide responsive records was an adverse determination. Accordingly, he was required to appeal that determination "to the head of the agency" to administratively exhaust his remedies. 5 U.S.C. § 552(a)(6)(A). The DOJ's letter communicating its adverse decision informed Plaintiff he could do so by mail, or by submitting an appeal through "OIP's FOIA STAR portal." ECF No. 33-2 at 22. The record evidence shows Plaintiff's only "appeal" of this determination was by e-mail. ECF NO. 33-2 at 24–26. Thus, Plaintiff did not *properly* appeal the adverse determination.

The Court finds that administrative exhaustion requires a *proper* appeal of an adverse determination—that is, an appeal following the agency's reasonable guidelines and instructions for an appeal. FOIA requires the agency to notify the requester of his right to "appeal to the head of the agency," and expressly contemplates the agency determining procedural processes, such as a time limit, for doing so. 5 U.S.C. § 552(a)(6)(A). Moreover, FOIA only requires agencies to respond to requests "made in accordance with [agency] published rules." *Id.* 552(a)(3)(A); *see also Dale*, 238 F. Supp. at 102 (D.D.C. 2002) ("Compliance with both FOIA and agency requirements is necessary before the agency can release the requested documents."). Because FOIA requires compliance with agency requirements, an appeal that does not comply with agency rules for appeals does not exhaust a requester's administrative remedies.

A requester who receives an adverse determination but does not appeal has not exhausted his administrative remedies. *See Oglesby*, 920 F.2d at 61–62. There is no genuine dispute of material fact that Plaintiff failed to exhaust administrative remedies, because he did not properly appeal the DOJ's adverse determination.

Failure to administratively exhaust a FOIA request precludes judicial review. *See Hedley*, 594 F.2d at 1044. Accordingly, as to the third DOJ request, Plaintiff's MSJ is **DENIED** and the DOJ's MSJ is **GRANTED**. The claim will be dismissed without prejudice.

*C. Claims Against the Securities and Exchange Commission*

Plaintiff alleges he submitted four FOIA requests to the SEC: (1) a June 28, 2025 request "seeking records regarding WilmerHale and Toyota"; (2) A June 28, 2025 request for "records regarding Goldman Sachs, the 1MDB case in Malaysia, and former SEC Chairman Jay Clayton"; (3) a request submitted on an unspecified date and concerning unspecified subject matter; and (4) a request submitted in September 2025 with substantially the same subject matter as his second request. ECF No. 3 at 3–4. Plaintiff alleges he has not received a determination as to the second and fourth requests. *Id.* at 4. As to the third request, Plaintiff alleges he filed an administrative appeal, but no decision has been issued. *Id.* at 3–4.

**1. First SEC Request**

The SEC concedes that it received a request from Plaintiff seeking "all documents mentioning or involving Wilmer Cutler Pickering Hale and Dorr, and Toyota." ECF No. 36-1 at 2. The SEC acknowledged the request on June 30, 2025. ECF No. 36-2 at 2. On September 25, 2025, the SEC informed Plaintiff that it "did not locate or identify any records responsive to" his request. ECF No. 36-2 at 4. The letter informed Plaintiff of his right to administratively appeal the adequacy of the search. *Id.* There is no evidence in the record that Plaintiff filed an administrative appeal.

Plaintiff failed to exhaust administrative remedies because he did not appeal the SEC's adverse determination. The SEC's September 25 determination that it found no responsive records was an adverse determination. ECF No. 36-2 at 4. If there were any doubt, the SEC expressly told Plaintiff he could appeal the decision under FOIA's administrative appeal process. *See id.* ("You have the right to appeal the adequacy of our search or finding of no responsive records to the SEC's General Counsel under 5 U.S.C. Section 552(a)(6)."). There is no evidence that Plaintiff appealed the determination—he does not even *allege* that

he appealed. *See* ECF No. 3 at 3. The SEC submitted declaration evidence that it did not receive an appeal. ECF No. 36-1 at 2. And even if the SEC's determination was untimely, Plaintiff still had an obligation to appeal before filing suit after the SEC cured its failure to timely issue a determination. *See Oglesby*, 920 F.2d at 63 ("[A]n administrative appeal is mandatory if the agency cures its failure to respond within the statutory period by responding to the FOIA request before suit is filed."). A requester who receives an adverse determination but does not appeal has not exhausted his administrative remedies. *See id.* at 61–62. Accordingly, there is no genuine dispute of material fact that Plaintiff failed to exhaust his administrative remedies.

Failure to administratively exhaust a FOIA request precludes judicial review. *See Hedley*, 594 F.2d at 1044. Accordingly, as to the first SEC request, Plaintiff's MSJ is **DENIED** and the SEC's MSJ is **GRANTED**. The claim will be dismissed without prejudice.

**2. Second SEC Request**

The SEC concedes that it received a request from Plaintiff seeking "all documents regarding Goldman Sachs and the 1MDB case in Malaysia, and any documents involving Jay Clayton and Goldman Sachs." ECF No. 36-1 at 3. The SEC acknowledged the request on June 30, 2025. ECF No. 36-2 at 7. On March 10, 2026—after this litigation was filed—the SEC informed Plaintiff that it "completed a preliminary search and identified approximately 960,945 production documents . . . that may be responsive to" Plaintiff's request. ECF No. 36-2 at 9. The letter informed Plaintiff that the SEC would close the request if he did not write or call to modify the request by April 9, 2026. *Id.* at 10. There is no evidence in the record that Plaintiff contacted the SEC to modify his request.

Plaintiff's challenge is moot because the SEC cured its failure to timely issue a determination. As to the second request, Plaintiff complains only that "the SEC failed to respond within FOIA's maximum timeframe or make any determinations regarding

exemptions or record production." ECF No. 3 at 3. Because the SEC failed to make a determination within the statutory timeframe, Plaintiff constructively exhausted his administrative remedies and filing suit was appropriate. 5 U.S.C. § 552(a)(6)(C)(i). However, the SEC has now made a determination. ECF No. 36-2 at 9. A FOIA claim challenging the tardiness of an agency's response is mooted when the agency responds. *See Voinche v. FBI*, 999 F.2d 962, 963 (5th Cir. 1993). To the extent Plaintiff's Complaint can be read to challenge the *adequacy* of the SEC's response, there is no evidence he administratively appealed the SEC's determination. A requester who receives an adverse determination but does not appeal has not exhausted his administrative remedies. *See Oglesby*, 920 F.2d at 61–62. And in the Fifth Circuit, FOIA plaintiffs are required to submit evidence that they exhausted administrative remedies. *Hedley*, 594 F.2d at 1044. Because Plaintiff did not submit evidence that he appealed the SEC's determination, judicial review is precluded. *Id.*

Because Plaintiff's claim was rendered moot by the SEC's response, and judicial review of the adequacy of the SEC's response is precluded by Plaintiff's failure to seek administrative review, there is no genuine issue of material fact. Accordingly, as to Plaintiff's second SEC request, Plaintiff's MSJ is **DENIED**, and the SEC's MSJ is **GRANTED**. The claim will be dismissed without prejudice.

**3. Third SEC Request**

Plaintiff alleges he filed a third request to the SEC covering unspecified subject matter on an unspecified date. ECF No. 3 at 3–4. He alleges the request was assigned Request No. 25-00319-FOIA. Plaintiff further alleges he administratively appealed "due to the SEC's failure to act" on July 4, 2025, and that the SEC acknowledged the appeal as Appeal No. 25-00660-APPS on July 7, 2025. *Id.* The SEC concedes it received the appeal, and that it "has not produced any records in response to the underlying FOIA request." ECF No. 25 at 4. There is no evidence regarding the request or appeal in the record.

In the Fifth Circuit, FOIA plaintiffs are required to submit evidence that they exhausted administrative remedies. *Hedley*, 594 F.2d at 1044. Administrative exhaustion requires properly submitting a valid FOIA request and exhausting the administrative appeal process. Here, the parties have submitted no evidence, so there are of course genuine issues of material fact which preclude summary judgment. To choose just one, there is no evidence or allegation about what the subject matter of the request is. Thus, the Court cannot evaluate whether the request reasonably describes the records sought. A request that does not reasonably describe the records sought is invalid, and thus triggers no obligation for the agency to respond. *See CREW*, 711 F.3d at 185 n.3.

Because there are genuine issues of material fact as to the third SEC request, the Court cannot grant summary judgment. Accordingly, as to the third request, Plaintiff's MSJ is **DENIED** and SEC's MSJ is **DENIED**. This claim remains pending.

**4. Fourth SEC Request**

Plaintiff alleges that in September 2025 he filed a fourth request to the SEC covering substantially the same subject matter as his second request. ECF No. 3 at 4. He further alleges the SEC acknowledged the request and assigned Request No. 25-04571-FOIA. *Id.* Defendant denies these allegations. ECF No. 25 at 4–5. The record shows that SEC sent Plaintiff a communication on September 26, 2025, informing him his fourth request was closed as a duplicate of his second request. ECF No. 36-2 at 1. There is no evidence that Plaintiff appealed this determination or responded in any way.

The record establishes (and Plaintiff acknowledges) that his fourth request was duplicative of his second. ECF No. 3 at 4; ECF No. 36-2 at 1. The SEC's September 26, 2025 letter was an adverse determination from which Plaintiff was required to appeal in order to exhaust his administrative remedies. *See Wonders*, 749 F. Supp. 3d at 130 (finding determination by the agency that it will not process the request because it is a duplicate is

an adverse determination that can be appealed to the head of the agency). There is no evidence in the record that Plaintiff appealed this adverse determination. In the Fifth Circuit, FOIA plaintiffs are required to submit evidence that they exhausted administrative remedies. *Hedley*, 594 F.2d at 1044. Accordingly, there is no genuine dispute of material fact that plaintiff has failed to carry his burden to show he exhausted his administrative remedies.

Failure to administratively exhaust a FOIA request precludes judicial review. *See Hedley*, 594 F.2d at 1044. Accordingly, as to the fourth SEC request, Plaintiff's MSJ is **DENIED** and the SEC's MSJ is **GRANTED**. This claim will be dismissed without prejudice.

*D. Claims Against the Department of State*

Plaintiff alleges he submitted two FOIA request to the State Department: (1) a June 28, 2025 request "seeking all records referencing James Harrison Wilson Thompson, including any diplomatic communications, cables, or consular reports regarding his disappearance in Malaysia in 1967; and (2) a July 14, 2025 request for "records related to Afghan Wireless Communications Company." ECF No. 3 at 5. Plaintiff alleges the State Department "acknowledged receipt" of the first request "via the FOIA.gov system," and denied his second request. *Id.* The State Department denies it received the first request. ECF No. 25 at 5.

**1. First State Department Request**

Plaintiff did not submit evidence that he submitted the first FOIA request. The State Department submitted declaration evidence that it conducted a thorough search for the request described in the Complaint and has no record of receiving the request. ECF No. 39-1 at 2–4. The Court has no reason to doubt the State Department's declaration.

Plaintiff failed to exhaust his administrative remedies because he failed to show that he properly submitted a FOIA request. In the Fifth Circuit, FOIA plaintiffs are required to

submit evidence that they exhausted administrative remedies. *Hedley*, 594 F.2d at 1044. Administrative exhaustion requires properly submitting a FOIA request. *See Antonelli*, 591 F. Supp. 2d at 26. The record here shows that Plaintiff did not properly submit a FOIA request to the State Department on June 28, 2025. Thus, there is no genuine issue of material fact that Plaintiff failed to exhaust his administrative remedies.

Failure to administratively exhaust a FOIA request precludes judicial review. *See Hedley*, 594 F.2d at 1044. Accordingly, as to the first State Department request, Plaintiff's MSJ is **DENIED** and the State Department's MSJ is **GRANTED**. This claim will be dismissed without prejudice.

### 2. Second State Department Request

Plaintiff's second request sought records "related to Afghan Wireless Communication Company." ECF No. 3 at 5. The State Department acknowledged this request on July 14, 2025. ECF No. 39-2 at 2. On September 8, 2025, the State Department denied Plaintiff's request because "it does not reasonably describe the records sought." ECF No. 39-2 at 3. In the same communication, the State Department informed Plaintiff of his right to administratively appeal the decision. *Id.* There is no evidence that Plaintiff filed an administrative appeal. The State Department submitted declaration evidence that it has no record of an appeal. ECF No. 39-1 at 5.

Plaintiff failed to exhaust administrative remedies because he did not administratively appeal the State Department's adverse determination. The State Department's September 8 determination denying Plaintiff's request was an adverse determination. ECF No. 39-2 at 3. If there were any doubt, the State Department expressly told Plaintiff he could appeal the determination. *See id.* ("If you are not satisfied with this determination, you may administratively appeal."). There is no evidence that Plaintiff

appealed the determination—he does not even *allege* that he appealed. *See* ECF No. 3 at 5. The State Department submitted declaration evidence that it did not receive an appeal. ECF No. 39-1 at 5. And even if the State Department's original determination was untimely, Plaintiff still had an obligation to appeal before filing suit after the State Department cured its failure to timely make a determination. *See Oglesby*, 920 F.2d at 63 ("[A]n administrative appeal is mandatory if the agency cures its failure to respond within the statutory period by responding to the FOIA request before suit is filed."). A requester who receives an adverse determination but does not appeal has not exhausted his administrative remedies. *See id.* at 61–62. Accordingly, there is no genuine dispute of material fact that Plaintiff failed to exhaust his administrative remedies.

Failure to administratively exhaust a FOIA request precludes judicial review. *See Hedley*, 594 F.2d at 1044. Accordingly, as to the State Department's second request, Plaintiff's MSJ is **DENIED** and the SEC's MSJ is **GRANTED**. The claim will be dismissed without prejudice.

*E. Claims Against the Central Intelligence Agency*

Plaintiff alleges he submitted a FOIA request to the CIA on June 28, 2025 "seeking records concerning the disappearance of James Harrison Wilson Thompson and any related intelligence or investigative activities, including referencing the Thai Silk Company." ECF No. 3 at 4. The CIA denies it received this request. ECF No. 25 at 5. Plaintiff did not submit evidence that he properly submitted this request to the CIA. The CIA submitted declaration evidence that it conducted a thorough search for the request described in the Complaint and has no record of receiving the request. ECF No. 42-1 at 7. The Court has no reason to doubt the CIA's declaration. In fact, in correspondence with the DOJ, Plaintiff *admits* he did not

submit a FOIA request to the CIA on June 28, 2025. ECF No. 42-2. However, he claims he "followed up" on a request he submitted January 2, 2025 in "June 2025." *Id.*

Plaintiff failed to exhaust his administrative remedies because he failed to show that he properly submitted a FOIA request. In the Fifth Circuit, FOIA plaintiffs are required to submit evidence that they exhausted administrative remedies. *Hedley*, 594 F.2d at 1044. Administrative exhaustion requires properly submitting a FOIA request. *See Antonelli,* 591 F. Supp. 2d at 26. The record here shows that Plaintiff did not properly submit a FOIA request to the CIA on June 28, 2025. While Plaintiff may have submitted a FOIA request to the CIA on January 2, 2025, no claim involving that request is currently before the Court. *See* ECF No. 3 at 4–5 (alleging only that a request was submitted to the CIA on June 28, 2025). Thus, as to the claim before the Court, there is no genuine issue of material fact that Plaintiff failed to exhaust his administrative remedies.

Failure to administratively exhaust a FOIA request precludes judicial review. *See Hedley*, 594 F.2d at 1044. Accordingly, as to the CIA request, Plaintiff's MSJ is **DENIED** and the CIA's MSJ is **GRANTED**. The claim will be dismissed without prejudice.

*F. Claims Against the Federal Bureau of Investigations*

Plaintiff submitted a FOIA request to the FBI on June 28, 2025, "seeking records related to James Harrison Wilson Thompson, the founder of the Thai Silk Company." ECF No. 3 at 5. The FBI acknowledged the request on July 2, 2025, and assigned it tracking number 1672952-000. ECF No. 45-1 at 4. Plaintiff alleges he has pursued an administrative appeal regarding the FBI's "refusal to process his FOIA request," (ECF No. 3 at 6) but there

is no evidence of such an appeal in the record.[9] There is no evidence that the FBI has made a determination on Plaintiff's FOIA request.

Plaintiff has not established that there is no issue of material fact as to whether he failed to exhaust his administrative remedies, because his request does not "reasonably describe" the records sought. According to Plaintiff, his request seeks "records related to James Harrison Wilson Thompson, the founder of the Thai Silk Company." ECF No. 3 at 5. The request apparently seeks any records "related" to the named individual. Requests for "all" documents about a topic are often not reasonably described, because "all documents relate to all others in some remote fashion." *Freedom Watch*, 925 F. Supp. 2d at 61. And while this rule isn't categorical, most such requests are invalid. *See Gun Owners of Am.*, 594 F. Supp. 3d at 46–48. This is not the rare case of a valid request for all documents regarding a topic. The request does not limit the scope of the documents beyond identifying a particular individual. And it is unclear what documents "related to" the individual are sought. Are all documents discussing the individual in any capacity, whether or not the document mentions the individual by name, responsive? Only document *mentioning* the individual by name? Only documents mentioning the individual in connection with the Thai Silk Company? Because the request does not "enable a professional employee of the agency who [is] familiar with the subject area of the request to locate the record with a reasonable amount of effort" (*Truitt v. Dep't of State*, 897 F.2d 540, 545 n.36 (D.C. Cir. 1990)), it does not reasonably describe the records sought. Accordingly, Plaintiff has not exhausted his administrative remedies as to his FBI request. *See CREW*, 711 F.3d at 185 n.3 (finding a request that does not "reasonably describe" the records sought is not a valid request and does not trigger an agency's obligation

[9] The record shows Plaintiff attempted to appeal what he believed was the denial of his fee waiver for his FOIA request. ECF No. 45-1 at 7. The FBI closed the appeal, explaining to Plaintiff that "at the time of your appeal we had not yet made a determination on your request for a fee waiver." *Id.* at 19.

to respond). Because Plaintiff did not submit a valid request, there is no genuine dispute of material fact that he failed to exhaust administrative remedies. *See Taylor*, 127 F.3d at 474.

Failure to administratively exhaust a FOIA request precludes judicial review. *See Hedley*, 594 F.2d at 1044. Accordingly, as to the FBI request, Plaintiff's MSJ is **DENIED**. Because the FBI has not yet sought summary judgment, the claim will not be dismissed.

**CONCLUSION**

For the reasons above, Plaintiff's MSJ (ECF No. 27) and Motion to Strike (ECF No. 47) are **DENIED**. The DOJ's MSJ (ECF No. 31), the State Department's MSJ (ECF No. 37) and the CIA's MSJ (ECF No. 40) are **GRANTED**, and the SEC's MSJ (ECF No. 34) is **GRANTED in part** and **DENIED in part**. Plaintiff's claims related to his third FOIA request to the SEC (Request No. 25-00319-FOIA) and his request to the FBI (Request No. 1672952-000) remain pending. The remainder of Plaintiff's claims are **DISMISSED without prejudice**. The United States District Clerk is **DIRECTED** to conform the docket by terminating the following Defendants: the Department of Justice, the Department of State, and the Central Intelligence Agency.

**SO ORDERED.**

September 23, 2026

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE